## Case No. 4,865.

### FLETCHER v. PECK.

## Case No. 4,866.

### FLETCHER v. SELDEN.

[16 Blatchf. 468; 4 Ban. & A. 394; 25 Int. Rev. Rec. 249.] [1]

Circuit Court, D. Connecticut. July 9, 1879.

Treadwell Cleveland, for plaintiff.
Calvin G. Child, for defendant.

SHIPMAN, District Judge. This is a bill in equity which is based upon the alleged infringement of letters patent [No. 91,108] which were issued to the plaintiff [Addison C. Fletcher] on June 8th, 1869, for an improved government revenue stamp. The defendant [Joseph Selden] is a collector of internal revenue in the state of Connecticut, and, as such collector, under the authority and by direction of the commissioner of internal revenue, sold and used, prior to the date of the bill, the tax-paid spirits stamps, the rectified spirits stamps and the wholesale liquor dealers' stamps which the commissioner has directed shall be used. The three classes of stamps are made in the same way. The plaintiff's invention is described in the specification of his patent, as follows: "My invention consists in providing the stamp with a flap or flaps covering a portion of its face, and arranging the vignette, design, or printed matter on said stamp to extend over the flap or flaps and remaining or uncovered portion of said face or body of the stamp. By this application of my invention, as applied to an adhesive stamp, whether for internal revenue or other purposes, said stamp may be cancelled by tearing off the flap or flaps, which, if necessary, may be preserved as evidence of the cancellation; or, where not required to

[Drawings of patent No. 91,108, published from the records of the United States patent office.]

be preserved, the flap or flaps may either be torn off and thrown away, or be so mutilated by the act of cancelling, as heretofore practised on postage stamps, (which, and other adhesive stamps, my invention is equally applicable to,) as that it will be impossible to use the same stamp over again without detection of the fraud. Referring to the drawing, a is the main body of an internal revenue stamp, of the paper ordinarily used, having mucilage or other adhesive matter on its back, and having secured to its face, for a portion of its length or area, an outer piece of tissue or other thin paper or flap, b, which is loose from the main body, excepting where joined to it,

as at c, and which has impressed on it a continuation of the vignette or design, that is seen, in part, on the remainder, or uncovered portion of the main body. A stamp thus constructed may be cancelled by simply tearing off the flap, b, which may be separately preserved as evidence of the cancellation, or, in case of a postage stamp, for instance, it may be so mutilated by the ordinary method of cancellation, as to make the use of the stamp again, without detection of the fraud, impossible. The flap, b, being made of thin or bibulous paper, the portion of the design upon it is protected from being effaced by chemical agents, in consequence of the fragile or peculiar nature of such paper, while the body, a, may be made of comparatively stout paper, or, especially, where it is desired to preserve separate evidence of the cancellation, the flap, b, which is the portion torn off in cancelling, may be made of stout paper, and the main body, a, of thin or bibulous paper. In fig. 2 of the drawing, the same principle of construction is shown, but the body, a, represented as having duplicate flaps, b, b, on the face of the stamp, which, in some cases, may be preferred to one." The claim is as follows: "A postage or revenue stamp, having a portion of its surface composed of thin or fragile paper, or other suitable material, loosely attached, and on which a portion of the design or other matter is printed, substantially as and for the purpose or purposes set forth."

The stamps which are used by the defendant are made in the following manner: The body of the stamp is composed of a piece of paper of one thickness, upon which is impressed the printed matter of the stamp. A slip of red blank paper is attached to the outside edge of the back of the body of the stamp. This slip is about one-third of the length of the body of the stamp, and is of the same width. When the stamp is to be used, it is placed upon that part of the head of a barrel which has been previously covered with paste, is secured to the barrel by tacks, is varnished, is cancelled by a stencil plate, and, in certain cases, which it is not necessary to specify, the portion over the red slip and which is not attached to the barrel in consequence of the intervention of the slip, is cut out and is preserved. The blank slip adheres to the pasted surface of the barrel.

The questions in regard to the patentability and novelty of the plaintiff's invention are found in his favor. The question of infringement is the important one in the case, and depends mainly upon the extent of the plaintiff's invention, as described and claimed in his patent. The learned expert for the plaintiff understands the gist of the invention to consist in a revenue stamp having the characteristics, that one of its sides is adapted to be pasted to an article, and the other side is printed over its entire substance substan-

tially, and that a certain portion of the printed face is so loosely attached to the portion which is to be pasted, that the loose portion may be torn or cut away, and leave over the area torn or cut away a layer of paper pasted to the stamped article. As thus understood, it is immaterial whether the flap is attached to the back or to the face of the main portion of the stamp, or whether the flap is a printed or a blank piece of paper.

Without controverting the position that this was the gist of the invention, I am of opinion that such was not the extent of the invention as described and claimed in the patent. An examination of the specification will show, I think, that the grant which the plaintiff received was much less broad than the invention is now claimed to have been, and that the patent cannot, even with the aid of the principle of liberal interpretation, properly include a stamp of two thicknesses of paper, one piece printed and the other unprinted, it being only necessary that the unprinted piece should be attached to the stamped article, and that the printed part should be loosely attached to the unprinted piece. In the specification the patentee says that his invention consists in providing the stamp with a flap or flaps, which are clearly described. The flap, upon which is impressed or printed a part of the vignette, design or printed matter, is loosely attached to the face of the main body of the stamp, upon the back of which is the mucilage or adhesive matter, and the flap, thus loosely attached, covers a portion of the face of the body of the stamp. Two particulars are indispensable, if the descriptive part of the specification clearly describes the invention. The flap must have a portion of the design imprinted upon it, and it must, also, be loosely attached to the face of the main body of the stamp. The claim, also, in substance, specifies the same particulars. It is for a stamp having a portion of its surface composed of some suitable material, on which portion a part of the design or other matter is printed, and which portion is "loosely attached." Loosely attached to what? The plaintiff construes these words to mean that the printed portion is loosely attached to any other portion of the stamp, and if, therefore, it is loosely attached to a flap, or to any unprinted portion of the stamp which adheres to the stamped article, such loose attachment satisfies the claim. But, in the descriptive part of the specification, the loosely attached portion, which is the flap, has the two characteristics which have been mentioned, one of which is that the portion is loosely attached to the face of the main body of the stamp. The words "loosely attached" must, then, mean, loosely attached to the face of the body of the stamp.

In the defendant's stamp, the design is printed upon the main body of the stamp, and a portion of the printed stamp is loosely attached to an unprinted slip of paper upon the back of the main body. The flap of the

defendant's stamp is unprinted and is attached to the back of the main body of the stamp. The whiskey stamps are an entirely different article from the plaintiff's stamp, as described, and can be included within the patent only by giving to the words "loosely attached" a meaning which they obviously did not have in the mind of the inventor when the claim was drawn. The whiskey stamp is a modification of the inventor's idea, which had not occurred to him when he drew his specification, which was so limited in its terms as not to include the stamps of the defendant.

The bill is dismissed.